IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

WEST PALM BEACH DIVISION

ADMIRALTY

CASE NO. _____ 05-80055 CIV-HURLEY

7 HOPKINS

ALFONSO FANJUL,

           Plaintiff,

v.

Anavi Limited, The Ivana, her engines, tackle
and other appurtenances, *in rem*, and
Condor Leasing Of Palm Beach County Inc., and
The Explorer 1, her engines, tackle and other
appurtenances, in rem,

           Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff, Alfonso Fanjul ("Fanjul"), brings this admiralty action against the defendants, Anavi Limited, The Vessel Ivana [as described in paragraph 3] ("Anavi" and "Ivana" respectively), Condor Leasing Of Palm Beach County, Inc., and The Vessel Explorer 1 ("Condor" and "Explorer" respectively), and alleges as follows:

### Jurisdiction and Parties

1.    This is a case within the admiralty and maritime jurisdiction of the United States District Courts within the meaning of Rule 9(h) of the Federal Rules of Civil



Procedure. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1333.

2. Fanjul is a Florida domiciliary, who maintains a residence in Palm Beach, Florida, and is the owner of the dock and property (including rights to appurtenant submerged lands in the vicinity of the dock) at 359 North Lake Way, Palm Beach Florida, 33480, which borders Lake Worth (the "Dock"), that was damaged by the Defendants.

3. Upon information and belief, Anavi is the owner of Ivana, official number 726666, registered in 1995, George Town, Cayman Islands, which damaged Fanjul's dock. Anavi is registered at PO Box 268, George Town, Cayman Islands.

4. Ivana, at the time of filing this verified complaint is located at Florida Marine Services, 2100 Avenue B, Riviera Beach, Florida.

5. Through his agents, Fanjul has attempted to make contact with the owner of the Ivana to no avail and were specifically instructed not to contact Ms. Ivana Trump, upon information and belief the owner or controlling principal of Anavi, by her insurance agency, either in writing or verbally.

6. Upon information and belief, Condor is the owner of Explorer I which damaged the Dock.

7. Explorer I, at the time of filing this Verified Complaint, is located at Derecktor Shipyards of Florida, 775 Taylor Lane, Dania, Florida.

## Factual Background

8.      After idling over the Bahamas for a few days, on or about September 4, 2004, Hurricane Frances impacted Florida's east coast in the Lake Worth, West Palm Beach area.

9.      Upon information and belief, on or about September 4, 2004, Ivana and the Explorer, were moored in Lake Worth, the intracoastal waterway between the Island of Palm Beach and the City of West Palm Beach, Florida, despite the fact that a dangerous hurricane was bearing down on that particular location and those two vessels.

10.     Upon information and belief, on or about September 4, 2004, Ivana and Explorer broke free from their moorings and collided with the Dock and the submerged land of Lake Worth in the vicinity of the Dock.

11.     The collision severely damaged the entire 125 foot length of the Dock, rendering it unusable. In addition, upon information and belief, the grounding of the Ivana and Explorer and their salvage have also damaged the Dock by altering the depth of the water around it by disturbing and moving the lake bed.

12.     As a result, Fanjul has suffered significant damages to the Dock. Fanjul has suffered further damages as a result of being forced to moor the four vessels which ordinarily would be moored at the Dock, at third party marinas during the time that it is taking to repair the Dock, which damages will continue to accrue and be paid by Fanjul until the Dock is repaired.

## Count I
### (Negligence- Anavi Limited)

13.     Fanjul hereby realleges and incorporates herein by this reference the allegation of paragraphs 1 through 12 as if fully set forth herein.

14.     Anavi, as the owner of Ivana, had the duty to properly secure the vessel so as to prevent it from colliding with and damaging the Dock.

15.     Anavi breached its duty as Ivana wandered aimlessly during the storm until colliding with the Dock.

16.     Ivana's collision with the Dock damaged it and its submerged lands and properties.

17.     Avani is responsible for the costs of repair to the Dock, including any necessary repairs and dredging of the surrounding areas, as well as the costs of relocation and mooring of the four vessels that normally are moored at the Dock until such time as the repairs to the Dock and surrounding areas are completed.

WHEREFORE, the plaintiff, Alfonso Fanjul, demands:

    a.     that process in due form of law, according to the rules and practice of this Court in causes of admiralty an maritime jurisdiction may issue against the aforesaid vessel Ivana;

    b.     entry of judgment in its favor against Anavi Limited, and an award of damages, together with interest, costs and such other relief as this Court deems appropriate, and that the vessel Ivana be condemned and sold to pay the same; and

  c. that all persons having any claim or interest therein may be cited to appear and answer on oath all and singular the matters aforesaid.

## Count II
## (Negligence-Condor Leasing)

18. Fanjul hereby realleges and incorporates herein by this reference the allegation of paragraphs 1 through 12 as if fully set forth herein.

19. Condor, as the owner of Explorer, had the duty to properly secure the vessel so as to prevent it from colliding with and damaging the Dock.

20. Condor breached its duty as Explorer wandered aimlessly during the storm until colliding with the Dock.

21. Explorer's collision with the Dock damaged it and its submerged lands and properties.

22. Condor is responsible for the costs of repair to the Dock, including any necessary repairs and dredging of the surrounding areas, as well as the costs of relocation and mooring of the four vessels that normally are moored at the Dock until such time as the repairs to the Dock and surrounding areas are completed.

WHEREFORE, the plaintiff, Alfonso Fanjul, demands:

  a. that process in due form of law, according to the rules and practice of this Court in causes of admiralty an maritime jurisdiction may issue against the aforesaid vessel Explorer;

  b. entry of judgment in its favor against Condor Leasing of Palm Beach, Inc., and an award of damages, together with interest, costs and such

other relief as this Court deems appropriate, and that the vessel Explorer be condemned and sold to pay the same; and

    c.    that all persons having any claim or interest therein may be cited to appear and answer on oath all and singular the matters aforesaid.

## Count III
## (Negligence-Avani & Condor)

23.    Fanjul hereby realleges and incorporates herein by this reference the allegation of paragraphs 1 through 12, 14, 15, 19, and 20, as if fully set forth herein.

24.    Ivana's and Explorer's collision with the Dock damaged it and its submerged lands and properties.

25.    Ivana and Condor are jointly responsible for the costs of repair to the Dock, including any necessary repairs and dredging of the surrounding areas, as well as the costs of relocation and mooring of the four vessels that normally are moored at the Dock until such time as the repairs to the Dock and surrounding areas are completed.

WHEREFORE, the plaintiff, Alfonso Fanjul, demands:

    a.    that process in due form of law, according to the rules and practice of this Court in causes of admiralty an maritime jurisdiction may issue against the aforesaid vessels Ivana and Explorer;

    b.    entry of judgment in its favor against Anavi Limited and Condor Leasing of Palm Beach, Inc., jointly and severally, and an award of damages, together with interest, costs and such other relief as this Court deems

appropriate jointly and severally, and that the vessels Ivana and Explorer be condemned and sold to pay the same; and

c. that all persons having any claim or interest therein may be cited to appear and answer on oath all and singular the matters aforesaid.

DATED: January 24, 2005.

Respectfully submitted,

Joseph P. Klock, Jr., FBN 0156678
JuanCarlos Antorcha, FBN 0523305
STEEL HECTOR & DAVIS LLP
200 S. Biscayne Boulevard
Suite 4000
Miami, FL 33131-2398
Ph:  (305) 577-2877
Fax: (305) 577-7001

*Attorneys for Plaintiff, Alfonso Fanjul*

By:_____
Joseph P. Klock, Jr.

## VERIFICATION

STATE OF FLORIDA     )
                     ) ss
COUNTY OF MIAMI-DADE )

JuanCarlos Antorcha, being duly sworn, deposes and says:

I am a member of the firm of Steel Hector & Davis, the attorneys for the plaintiff herein. I have read the foregoing complaint and know the contents hereof and the same is true to the best of my knowledge, except as to matters therein stated to be on information and belief, and as to those matters I believe it to be true.

7
Steel Hector & Davis LLP

The sources of my information and the grounds of my belief are statements and records furnished me by the plaintiff, its officers and agents.

_____
JuanCarlos Antorcha

The foregoing instrument was acknowledged before me this 24th day of January, 2005 by JuanCarlos Antorcha, who is personally known to and who did take an oath.

_____
Notary Public, State of Florida

My commission expires

Margaret Ann Marinelli
MY COMMISSION # DD197773 EXPIRES
April 6, 2007
BONDED THRU TROY FAIN INSURANCE, INC.

MIA2001 385064v1

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

**05-80055**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-HURLEY**

**I. (a) PLAINTIFFS:** Alfonso Fanjul

**DEFENDANTS:** Anavi Limited, The Ivana, her engines, tackle, and other appurtenances, in rem, and Condor Leasing of Palm Beach County, Inc., and The Explorer 1, her engines, tackle and other appurtenances, in rem,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _Palm Beach_
(EXCEPT IN U.S. PLAINTIFF CASES)

05cv80055 / Hurley / Hopkins

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _Hopkins_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEY'S (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Joseph P. Klock and JC Antorcha, Esq., Steel Hector & Davis LLP, 200 South Biscayne Boulevard, Suite 4000, Miami, FL 33131 Tel: 305.577.2877

**ATTORNEYS (IF KNOWN)**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ᴮ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ᴮ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ᴮ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ᴮ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ᴮ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ᴮ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ᴮ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ᴴ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ᴮ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ᴴ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ᴮ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Landlord Condemnation | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ᴴ☐ 220 Foreclosure | | | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | ᴴ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ᴬ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Landlord | ☐ 442 Employment | **HABEAS CORPUS:** | ᴬ☐ 791 Empl. Ret. Inc. Security Act | ᴬ☐ 871 RSI - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A or B |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ Accommodations | ᴮ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ᴬ☐ 535 Death Penalty | | | |
| | ☐ 440 Other Civil Rights | ᴮ☐ 540 Mandamus & Other | | | |
| | | ᴮ☐ 550 Civil Rights | | | |
| | | ᴮ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via _2_ days estimated (for both sides to try entire case)    MARITIME NEGLIGENCE ACTION PURSUANT TO RULE 9(H) OF THE FEDERAL RULES OF CIVIL PROCEDURE, AND 28 U.S.C. § 1333

**VI. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ Yes  ☒ No

**VII. RELATED CASE(S)** (See instructions):
IF ANY    JUDGE_____    DOCKET NUMBER_____

DATE **January 25, 2005**    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

01/25/05